# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CLIFFS LOGAN COUNTY COAL, LLC,**
**Employer Below, Petitioner**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.)  No. 25-ICA-250**          (JCN: 2017014225)

**FORREST WHITE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cliffs Logan County Coal, LLC ("CLCC"), appeals the May 20, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Forrest White did not file a response. [1] The issue on appeal is whether the Board erred in reversing the claim administrator's order, which found that Mr. White was fully compensated by a prior 15% permanent partial disability ("PPD") award for occupational pneumoconiosis ("OP"), and instead granting him an additional 5% PPD award, for a total award of 20% PPD.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 28, 2020, Mr. White underwent a chest CT. Timothy Vanhoose, M.D., found peripheral fibrotic changes, with no acute consolidation and an unchanged right lung nodule. On July 27, 2021, Mr. White underwent pulmonary function testing at Pulmonary Associates. Mr. White reported shortness of breath that worsened with exertion. Tamejiro Takubo, D.O., diagnosed coal workers' pneumoconiosis, pulmonary fibrosis, restrictive lung disease, and shortness of breath. The pulmonary function study showed moderate restriction and decreased diffusion capacity.

Mr. White completed a reopening application for PPD benefits dated January 24, 2022. Mr. White requested that his claim be reopened because of an aggravation and/or progression of the condition or disability resulting from the compensable injury or occupational disease. The physicians' portion was completed by Leonard White, M.D., on January 26, 2022. Dr. White indicated that Mr. White complained of dyspnea, wheezing,

---

[1] CLCC is represented by T. Jonathan Cook, Esq. Mr. White did not appear.

chronic cough, and chest discomfort. Dr. White diagnosed coal workers' pneumoconiosis and opined that Mr. White had suffered an aggravation or progression of his condition based upon diminished lung sounds bilaterally and pulmonary function testing performed on July 27, 2021.

On April 5, 2022, Mr. White underwent a pulmonary function study at Pulmonary Associates. The testing showed moderate restriction and a moderate decrease in diffusion capacity. On May 4, 2022, Mr. White returned to Pulmonary Associates for an additional pulmonary function study and reported a recent COVID-19 diagnosis. The pulmonary function testing showed worsening restriction and continued reduction in diffusion capacity, likely due to continued progression of OP. The diagnoses were coal workers' pneumoconiosis, personal history of COVID-19, pulmonary fibrosis, restrictive lung disease, and shortness of breath.

Mr. White was treated by Phillip Cox, D.O., on August 17, 2022. Mr. White reported that he had recently been hospitalized with acute bronchitis and pneumonia, and that he was slowly returning to baseline. Dr. Cox noted that Mr. White was not, and had never been, a smoker. Dr. Cox diagnosed coal workers' pneumoconiosis, history of COVID-19, pulmonary fibrosis, restrictive lung disease, and shortness of breath.

The OP Board released findings dated October 11, 2022, and concluded that there was sufficient evidence to justify a diagnosis of OP with no more than 15% pulmonary functional impairment attributable to OP. The OP Board stated that this finding was based upon Mr. White's twenty-four years of sufficient exposure to a dust hazard as an underground coal miner/surface coal miner/fabricator/welder/processing plant worker. Mr. White reported shortness of breath, a chronic cough, and wheezing. The Board's findings were also based on a physical examination of Mr. White, pulmonary function studies, and chest x-rays. The OP Board noted that Mr. White had a history of COVID-19 infection in 2021 and that he was treated for pneumonia in 2022. Chest x-rays revealed no evidence of OP.

By order dated May 12, 2023, the claim administrator granted Mr. White no additional PPD award for OP. The claim administrator found that Mr. White was fully compensated by a prior 15% PPD award. Mr. White protested this order to the Board.

On September 9, 2024, Mr. White underwent a CT scan. Danielle Seaman, M.D., stated that there were no findings consistent with coal workers' pneumoconiosis.

On April 2, 2025, a final hearing was held to take the OP Board's testimony. The OP Board members testified that the CT scan dated August 5, 2022, showed findings consistent with nonspecific or idiopathic pulmonary fibrosis, but no evidence of OP. Further, the OP Board members indicated that the records from Pulmonary Associates document two disease processes-pulmonary fibrosis and coal workers' pneumoconiosis-

2

that could be responsible for Mr. White's impairment in the diffusion study. Dr. Kinder, the OP Board Chair, testified that he would not expect the mild degree of pulmonary fibrosis seen on the CT to cause the amount of impairment seen on the diffusion study. Based upon the x-ray and CT scan findings, Mr. White's occupational exposure history, the clinical reports, and noting that this claim is subject to the rebuttable presumption found at West Virginia Code § 23-4-8c(b) (2009) ("the presumption"),[2] the OP Board found that half of his 40% impairment was due to OP. The OP Board found the presumption was rebutted to 20% OP.

By order dated May 20, 2025, the Board reversed the claim administrator's order, and granted an additional 5% PPD award for a total award of 20% PPD. The Board found that the OP Board's findings made during the final hearing were not clearly wrong, and adopted the OP Board's recommendation made at the final hearing of 20% impairment due to OP. It is from this order that CLCC now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

---

[2] West Virginia Code § 23-4-8c(b) provides:

If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant or deceased employee has sustained a chronic respiratory disability, it shall be presumed that the claimant is suffering or the deceased employee was suffering at the time of his or her death from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive.

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, CLCC argues that the Board's decision is clearly wrong because the OP Board arbitrarily assigned 20% of Mr. White's impairment to OP. CLCC contends that the presumption was effectively and fully rebutted, but that the OP Board failed to give proper weight to the evidence. CLCC also asserts that Mr. White's PPD award should be reduced to 15%. We disagree.

The Supreme Court of Appeals of West Virginia ("SCAWV") has held that the party protesting the findings of the OP Board has the burden to prove that the OP Board was clearly wrong. *Rhodes v. Workers' Comp. Div.*, 209 W. Va. 8, 17, 543 S.E.2d 289, 298 (2000). Further, pursuant to West Virginia Code § 23-4-6a (2005), the OP Board's decision made following the hearing shall be affirmed "unless the decision is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record."

Here, the Board determined that the findings of the OP Board were not clearly wrong, and that Mr. White has 20% impairment due to OP. Based on the x-ray and CT scan findings, Mr. White's occupational exposure history, and the clinical reports, the OP Board found that the presumption was not fully rebutted and that half of Mr. White's 40% impairment was attributable to OP. Thus, the OP Board concluded that Mr. White has 20% impairment due to OP. Although CLCC argues that the OP Board misapplied the presumption, the OP Board noted and considered the presumption and the evidence that was submitted in rebuttal. The OP Board was not clearly wrong in finding that the presumption had been rebutted to 20% impairment based on the medical evidence of record.

Upon review, we conclude that CLCC has failed to meet the burden of establishing that the OP Board was clearly wrong, and therefore, we cannot conclude that the Board erred in adopting the OP Board's recommendation. As set forth by the SCAWV, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones, which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order and granting Mr. White an additional 5% PPD award for a total award of 20% PPD based on the OP Board's recommendation.

Accordingly, we affirm the Board's May 20, 2025, order.

4

Affirmed.

**ISSUED:**  December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White